**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-00232-CMA-STV

ANTHONY WARD, pro se,

    Plaintiff,

v.

LUTHERAN MEDICAL CENTER,
AMANDA E. KAO,
KEVIN FLYNN,
LESLIE PRATT,
LYNNE WEST,
SCOTT MINER,
GRANT WICKLUND, and
KRISTINA RICHARDS,

    Defendants.

---

**ORDER AFFIRMING DECEMBER 12, 2019 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation (Doc. # 150) of United States Magistrate Judge Scott T. Varholak, wherein he recommends that this Court deny Plaintiff's Motion for Default Judgment (Doc. # 97) and grant Defendants Amanda Kao, Kevin Flynn, Bridget Lauro,[1] and Scott Miner's ("Defendants") Motion to Set Aside Clerk's Entry of Default (Doc. # 142). Plaintiff filed an Objection (Doc. # 159) to the Recommendation on December 31, 2019, and Defendants filed Responses (Doc. ##

---

[1] Defendant Lauro was subsequently dismissed from this case on January 3, 2020, pursuant to a stipulation by the parties. (Doc. ## 163, 164.)

173, 174) on January 7, 2020. For the following reasons, the Court affirms the Recommendation.

## I.  BACKGROUND

This case arises from medical treatment Plaintiff received at Lutheran Medical Center in Jefferson County, Colorado, in October 2016. On January 29, 2018, Plaintiff filed this suit against Lutheran, multiple doctors and nurses involved in his treatment, hospital staff, and various other parties. *See* (Doc. # 1).

In an order dated March 5, 2018, Magistrate Judge Gallagher granted Plaintiff's motion to proceed *in forma pauperis*. (Doc. # 15.) As a result, the United States Marshals Service was responsible for serving Defendants with process. *See* 28 U.S.C. § 1915(d). Consequently, the Marshals Service returned proofs of services as to each Defendant. (Doc. ## 48-1, 48-7, 48-8, 48-10.) Each proof of service indicated that it was effected on "Kimberly Moore, RHIA, who is designated by law to accept service of process on behalf of . . . Lutheran Medical Center et al." *See, e.g.*, (Doc. # 48-1 at 2).

Based on the date of service, Defendants were required to file an answer or otherwise respond to Plaintiff's Complaint on June 14, 2019. However, Defendants did not file an answer or responsive pleading by that date. Plaintiff subsequently filed an Affidavit in Support of Request to Enter Default (Doc. # 61), and the Clerk of the Court filed an entry of default as to Defendants on August 14, 2019 (Doc. # 67).

On October 4, 2019, Plaintiff filed the instant Motion for Default Judgment. (Doc. # 97.) Counsel for Defendants entered their appearances on October 29, 2019, and

November 4, 2019. (Doc. ## 118–120, 128.) Defendants jointly filed the instant Motion to Set Aside Clerk's Entry of Default (Doc. # 142) on November 11, 2019.

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive[2] matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro*

---

[2] Defendant Flynn asserts that the applicable standard of review is whether the Recommendation is clearly erroneous because motions related to default judgment are not dispositive. (Doc. # 173 at 2.) In support of his argument, Defendant Flynn cites a local rule of procedure which states that "[d]ispositive motions **include** motions to amend, to dismiss, for transfer or for change of venue, to remand, for summary judgment, and for partial summary judgment." D.C.COLO.LCivR 72.3(a) (emphasis added). However, the list of motions in the local rule is illustrative rather than exhaustive because the list is introduced by the word "include." Additionally, courts have held that motions for default judgment and motions to vacate a default judgment are, in fact, dispositive. *See, e.g.*, *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 534 (D. Md. 2011) (motion for default judgment); *SLC Turnberry, Ltd. v. The Am. Golfer, Inc.*, 240 F.R.D. 50, 52 (D. Conn. 2007) (motion to vacate default judgment). Therefore, the Court will apply a *de novo* standard of review.

*se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III.   DISCUSSION

Magistrate Judge Varholak determined that the Clerk's Entry of Default (Doc. # 67) should be set aside. Plaintiff objects to the Recommendation primarily because he asserts that Defendants willfully avoided service. The Court agrees with Magistrate Judge Varholak.

Courts disfavor default judgments. *Polaski v. Colorado Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006) (citing *Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988)). As a result, courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious

defense is presented.'" *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (quoting *Pinson v. Equifax Credit Info. Servs.*, 316 F. App'x. 744, 750 (10th Cir. 2009)). The Court need not consider each factor and may consider other factors in its discretion. *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995). Ultimately, the Court is guided by the principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Plaintiff maintains that Defendants willfully avoided service of process. In support of his position, Plaintiff cites to documents in the record which appear to be photocopies of envelopes that the Post Office returned to Plaintiff. However, those materials do not establish that Defendants willfully avoided service. Many of the documents reflect that the Post Office was "unable to forward" Plaintiff's envelopes and that the "addressee [was] unknown." *See, e.g.*, (Doc. # 159 at 11–15). Rather than indicating that Defendants avoided service, the evidence in the record suggests that the address on the envelope was not the correct address for Defendants.

On the other hand, Defendants have represented that they are not employed by Lutheran Medical Center, and they were unaware of the instant lawsuit until October 2019. (Doc. # 142 at 2–3.) Despite Plaintiff's argument to the contrary, there is no evidence that Defendants are being untruthful. Therefore, this factor weighs in favor of setting aside the entry of default.

With respect to whether Plaintiff would be prejudiced by setting aside the entry of default, Magistrate Judge Varholak accurately noted that, "aside from citing to the delay in advancing this case . . . , Plaintiff has not alleged, let alone demonstrated, any

prejudice." (Doc. # 150 at 5.) Plaintiff did not raise any specific objections to the magistrate judge's Recommendation in this regard, and the Court cannot identify any prejudice to Plaintiff that would result from this case being resolved on the merits. Consequently, this factor weighs strongly in favor of setting aside the entry of default.

Moreover, Defendants have presented meritorious defenses. Upon review of the docket, the Court notes that Defendants have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b). *See* (Doc. ## 152, 155, 156). Without commenting on the ultimate disposition of those motions, it is sufficient for the Court to observe that Defendants raise arguments that are at least colorable, and those arguments, "if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978); *see, e.g.*, *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *3 (D. Colo. July 7, 2006) (finding defense to be meritorious for purposes of a motion to set aside default when the defendant had "at least . . . articulated a valid argument . . . ."); *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001) ("defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."). Accordingly, this factor also weighs in favor of setting aside the entry of default.

In summary, considering the absence of culpable conduct on the part of Defendants, the lack of prejudice to Plaintiff, and the strong preference for resolution of cases on their merits, *see In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991), the Court finds good cause to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c). As a

result, Plaintiff's Motion for Default Judgment fails as a matter of law because a default judgment cannot be entered in the absence of an entry of default. *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (if an entry of default is set aside, "it ineluctably follows" that default judgment cannot be entered in a plaintiff's favor).

## IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Plaintiff's objections are overruled;

- Magistrate Judge Varholak's Recommendation (Doc. # 150) is AFFIRMED AND ADOPTED as an Order of this Court;

- Plaintiff's Motion for Default Judgment (Doc. # 97) is DENIED;

- Defendants Amanda Kao, Kevin Flynn, Bridget Lauro, and Scott Miner's Motion to Set Aside Clerk's Entry of Default (Doc. # 142) is GRANTED IN PART AND DENIED AS MOOT IN PART:

    o The Motion is DENIED AS MOOT as to Defendant Lauro because she has been dismissed from this case pursuant to a stipulation by the parties, *see* (Doc. ## 163, 164);

    o The Motion is GRANTED as to Defendants Kao, Flynn, and Miner.

DATED: April 23, 2020

              BY THE COURT:

              _____
              CHRISTINE M. ARGUELLO
              United States District Judge