IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00232-CMA-STV

ANTHONY WARD, pro se,

     Plaintiff,

v.

LUTHERAN MEDICAL CENTER,
AMANDA E. KAO,
KEVIN FLYNN,
LESLIE PRATT,
LYNNE WEST,
SCOTT MINER,
GRANT WICKLUND, and
KRISTINA RICHARDS,

     Defendants.

---

## ORDER CERTIFYING APPEAL AS FRIVOLOUS

---

This matter is before the Court on Plaintiff[1] Anthony Ward's Notice of Appeal

(Doc. # 234) and corresponding Errata (Doc. # 241). For the following reasons, the

Court certifies Plaintiff's appeal as frivolous.

### I.      BACKGROUND

The Court recently recounted the facts of this case in its Order adopting

Magistrate Judge Varholak's December 12, 2019 Recommendation. (Doc. # 222 at 2–

---

[1] Plaintiff is proceeding *pro se*. Therefore, the Court construes his filings liberally. *United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, "the opportunity for liberal construction does not relieve pro se litigants of the obligation to comply with the Federal Rules of Civil Procedure . . . ." *Fletcher v. Inmate Bank*, 752 F. App'x 683, 684 (10th Cir. 2019).

3.) Accordingly, the Court will reiterate the factual background only to the extent necessary to address Plaintiff's Notice of Appeal.

On October 4, 2019, Plaintiff filed a Motion for Default Judgment (Doc. # 97) regarding various Defendants in this case. Counsel for those Defendants subsequently entered an appearance and filed a Motion to Set Aside Clerk's Entry of Default. (Doc. # 142.) On April 23, 2020, this Court issued an Order denying Plaintiff's Motion and granting Defendants' Motion. (Doc. # 222.)

The Court concluded that "considering the absence of culpable conduct on the part of Defendants, the lack of prejudice to Plaintiff, and the strong preference for resolution of cases on their merits . . . [there was] good cause to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c)." (*Id.* at 6) (citation omitted). The instant Notice of Appeal followed.

## II.    LEGAL STANDARD

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, the Tenth Circuit has held that:

> Because this divestiture of jurisdiction is subject to abuse and can unreasonably delay trial, we recognized in *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1991) a procedure by which a district court may maintain jurisdiction [in] a [case] if the court certifies that [an] appeal is frivolous.

*Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1477 (10th Cir. 1993). Specifically, "to regain jurisdiction, [a district court] must take the affirmative step of certifying the appeal as frivolous or forfeited . . . ." *Stewart*, 915 F.2d at 577; *see also McCauley v.*

2

*Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005) ("so long as the district court takes the affirmative step of certifying an appeal as frivolous or forfeited, it retains jurisdiction."). An appeal is frivolous if "the result is obvious or . . . the appellant's arguments are wholly without merit." *Barnes v. Sec. Life of Denver Ins. Co.*, No. 18-cv-718-WJM-SKC, 2019 WL 142113, at *2 (D. Colo. Jan. 9, 2019) (citation omitted).

### III.   ANALYSIS

Plaintiff's Notice of Appeal is frivolous. It is well established that "federal circuit courts have jurisdiction to review only 'final decisions' of district courts." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018) (citation omitted); 28 U.S.C. § 1291. A "final decision must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment under Federal Rule of Civil Procedure 54(b)." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016).

In the instant case, this Court's Order Affirming December 12, 2019 Recommendation of Untied States Magistrate Judge did not dispose of **any** of Plaintiff's claims. *See* (Doc. # 222 at 7). Therefore, the Order is not a final decision for purposes of 28 U.S.C. § 1291. Moreover, the Court has not certified the Order as a final judgment pursuant to Federal Rule of Civil Procedure 54. Accordingly, the Order is not appealable.

Because it is obvious from a review of the docket that this Court's Order is not appealable, the Court hereby certifies Plaintiff's Notice of Appeal (Doc. # 234) as frivolous. *See, e.g.*, *Valentine v. PNC Fin. Servs. Grp., Inc.*, No. 18-cv-01934-CMA-

SKC, 2019 WL 5085306, at *2 (D. Colo. Oct. 9, 2019) (certifying appeal as frivolous

when the plaintiff filed a notice of appeal regarding a non-final order). As a result, this

Court retains jurisdiction[2] to consider the merits of this case. *Stewart*, 915 F.2d at 577;

*McCauley*, 413 F.3d at 1162.

## IV.    CONCLUSION

Based on the foregoing, the Court CERTIFIES Plaintiff's Notice of Appeal (Doc. #

234) AS FRIVOLOUS.


DATED: June 3, 2020

                                        BY THE COURT:


                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Judge

---

[2] Plaintiff is cautioned that, as a result of this Order, he **remains subject to all pending deadlines**, including, but not limited to, the deadline to file an Objection to the Recommendation that Magistrate Judge Varholak issued on June 1, 2020. (Doc. # 236.) Failure to comply with pending deadlines and court orders may result in the dismissal of this case.