IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00232-CMA-STV

ANTHONY WARD, pro se,

    Plaintiff,

v.

LUTHERAN MEDICAL CENTER,
AMANDA E. KAO,
KEVIN FLYNN,
LESLIE PRATT,
LYNNE WEST,
SCOTT MINER,
GRANT WICKLUND, and
KRISTINA RICHARDS,

    Defendants.

## ORDER AFFIRMING JUNE 1, 2020 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Recommendation (Doc. # 236) of United States Magistrate Judge Scott T. Varholak, wherein he recommends that this Court grant Defendants Wicklund, Platt, West, Richards, Miner, Kao, Flynn, and SCL Health-Front Range, Inc.'s ("Lutheran" or "Lutheran Medical Center") Motions to Dismiss (Doc. ## 151, 152, 155, 156, 215). Plaintiff Anthony Ward filed an Objection (Doc. # 260) to the Recommendation on June 18, 2020, and Defendants filed Responses on July 2, 2020, and July 10, 2020 (Doc. ## 279, 280, 282). For the following reasons, the Court affirms the Recommendation.

## I.   BACKGROUND

Judge Varholak's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objections.

This case arises from medical treatment Plaintiff received at Lutheran Medical Center in Jefferson County, Colorado, in October 2016. Plaintiff alleges that he received inadequate care from medical professionals at Lutheran and that he was subject to discriminatory animus while he was being treated. Plaintiff further alleges that Lutheran's procedure for filing grievances[1] is inadequate. *See generally* (Doc. # 22) (Second Amended Complaint).

Pursuant to Judge Babcock's Amended Order to Dismiss in Part and to Draw Case, there are only two claims remaining: (1) failure to stabilize an emergency medical condition pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA") against Lutheran Medical Center; and (2) negligence or medical malpractice against Lutheran and the individual Defendants. *See* (Doc. # 45 at 2–5).

## II.   LEGAL STANDARD

### A.   REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been

---

[1] *See infra* note 2.

2

properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).[2]

## B.   *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110

---

[2] The Court notes that Plaintiff's Objection does not raise any arguments that specifically challenge Judge Varholak's determination that his claims against Defendants Wicklund, Platt, West, and Richards regarding Lutheran's grievance system fail because Plaintiff has not pled **any** elements of a negligence claim. (Doc. # 236 at 15–19.) After reviewing the Recommendation with respect to Judge Varholak's findings, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation's findings and conclusions regarding Plaintiff's grievance system claims.

(10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp.*

4

*v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.  ANALYSIS

Judge Varholak determined that Plaintiff's medical malpractice and negligence claims against Dr. Kao, Dr. Flynn, and Lutheran Medical Center fail because Plaintiff

has not filed a proper certificate of review as to any of these Defendants, as required by Colorado law. (Doc. # 236 at 9–15.) The Court agrees.

Where, as here, a plaintiff alleges that a medical professional has committed malpractice or negligence,

> (a) . . . [T]he plaintiff's or complainant's attorney shall file with the court a certificate of review for **each** . . . licensed professional named as a party. . . ., within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown.
>
> (b) A certificate of review **shall** be filed with respect to every action . . .
>
>> (1) **against a company or firm that employed a person**[3] specified in such paragraph (a) at the time of the alleged negligence, even if such person is not named as a party in such action.
>>
>> (2) In the event of failure to file a certificate of review in accordance with this section and if the . . . licensed professional defending the claim believes that an expert is necessary to prove the claim of professional negligence, the defense may move the court for an order requiring filing of such a certificate. . . .
>>
>> (3)(a) A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:
>>
>>> (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
>>>
>>> (II) That the professional who has been consulted . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17-102(4).

---

[3] Plaintiff was required to submit a certificate of review as to Lutheran Medical Center based on this section of the statute. However, Plaintiff did not do so.

6

> (b) The court, in its discretion, **may require the identity of the . . . licensed professional who was consulted . . . to be disclosed to the court** and may verify the content of such certificate of review. The identity of the professional need not be identified to the opposing party or parties in the civil action.
>
> (c) In an action alleging professional negligence of a physician, the certificate of review shall declare that the person consulted meets the requirements of section 13-64-401; or in any action against any other professional, that the person consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged.
>
> (4) The failure to file a certificate of review in accordance with this section **shall result in the dismissal** of the complaint, counterclaim, or cross claim.

Colo. Rev. Stat. § 13-20-602 (emphasis added). [T]he requirements of the certificate of review statute are applicable to civil actions alleging negligence of licensed professionals filed by nonattorney *pro se* plaintiffs." *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002).

The purpose of a certificate of review is to "verif[y] that the plaintiff has consulted with an expert in the relevant area who has concluded that the plaintiff's claim does not lack substantial justification." *Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. App. 2005) (citing *Williams v. Boyle*, 72 P.3d 392 (Colo. App. 2003)). However, a certificate is not required in every case that involves an allegation of professional negligence. Rather, "[t]he trial court has discretion to determine whether a certificate of review is required under the circumstances." *Id*. (citing *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623 (Colo. 1999)). Consequently, the Tenth Circuit has held that a certificate

of review is required "if (1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, and (2) expert testimony is necessary to substantiate the claim." *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016).

### A.   NATURE OF PLAINTIFF'S CLAIMS

Plaintiff alleges Dr. Kao "caused harmful injuries by failing to stabilize patient(s) [sic] blood pressure or opioid overdose which a reasonable physicians [sic] would have prevented." (Doc. # 22 at 13.) Plaintiff further alleges that Dr. Flynn similarly failed to stabilize his condition. (*Id.*) Thus, Plaintiff asserts that Dr. Kao and Dr. Flynn engaged in conduct that failed to conform to the standards of their profession. Therefore, if expert testimony is necessary to substantiate Plaintiff's claims, then a certificate of review is necessary.

### B.   NECESSITY OF EXPERT TESTIMONY

"The reason for the requirement of expert opinion testimony in most medical malpractice cases is obvious: matters relating to medical diagnosis and treatment ordinarily involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience." *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). Accordingly, "[i]t is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured." *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 627 (Colo. 1999) (permitting a medical negligence claim to move forward on a res ipsa loquiur theory); *see also McCafferty v. Musat*, 817 P.2d 1039, 1044 (Colo. App. 1990) ("Except in clear and

palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct[.]"). In order to determine whether expert testimony is necessary, courts consider "whether the factual context of the proceeding is so technically complex that the plaintiff must present testimony by an expert witness to establish the applicable professional standards and minimal levels of competence." *Abdo v. Balsick*, No. 18-cv-01622-KMT, 2019 WL 6726230, at *13 (D. Colo. Dec. 11, 2019) (quoting *Greenwell v. Gill*, 660 P.2d 1305, 1307 (Colo. App. 1982)).

Plaintiff alleges that Dr. Kao "misdiagnosed [his] opiate overdose," (Doc. # 22 at 12) and that Dr. Flynn failed to stabilize Plaintiff's condition before his release from the hospital (*id.* at 13). As a result, whether the doctors violated the applicable standards of care depends on technical issues such as the process involved in diagnosing narcotic overdoses and when a patient may be safely released from a hospital. Proper consideration of these issues requires knowledge and skill that is beyond the realm of lay knowledge and experience. *See, e.g.*, *Custard v. Balsick*, No. 15-cv-2221-REB-CBS, 2017 WL 131799, at *21 (D. Colo. Jan. 13, 2017) (allegations that a physician's assistant "should have immediately provided medical care instead of delaying or denying it" required expert testimony). Therefore, expert testimony is "required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty." *Estate of Bogue v. Adams*, 405 F. Supp. 3d 929, 945 (D. Colo. 2019) (quoting *Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992)).

Despite the fact that the Court has been inordinately accommodating with Plaintiff with regard to his submission of certificates of review, Plaintiff has failed to submit adequate certificates. Judge Varholak provided Plaintiff with detailed instructions regarding what he must do to satisfy the statutory requirements and granted Plaintiff an extension of time to complete his obligations. (Doc. # 179.) Notably, Judge Varholak explained to Plaintiff that he must disclose the identity of the reviewing professional to the Court. *See* (*id.*); Colo. Rev. Stat. § 13-20-602(b)(3) ("The court, in its discretion, may require the identity of the . . . licensed professional who was consulted . . . to be disclosed to the court and may verify the content of such certificate of review.").

Although Plaintiff eventually filed several documents titled "Certificate of Review," they were 2 weeks overdue and did not reflect the identity of the reviewing professional. *See* (Doc. ## 192–94). Therefore, the certificates are legally deficient, and Plaintiff's claims must be dismissed. Colo. Rev. Stat. § 13-20-602(b)(4).

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- The Recommendation of Magistrate Judge Varholak (Doc. # 236) is affirmed and adopted;

- Defendants' Motions to Dismiss (Doc. ## 151, 152, 155, 156, 215) are GRANTED; Plaintiff's negligence and medical malpractice claims, and thus **all remaining claims against the individual Defendants**, are DISMISSED WITH PREJUDICE because it is "obvious that [Plaintiff] cannot prevail on the facts [he] allege[s] and it would be futile to give [him] opportunity to amend." *Guy v.*

*Lampert*, 748 F. App'x 178, 181 (10th Cir. 2018) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)); and

- Plaintiff's only remaining claim is his EMTALA claim against Defendant Lutheran Medical Center.

- Plaintiff's Objection (Doc. #103) is OVERRULED because it is lacking in merit.

- Defendant Scott Miner, M.D.'s (Doc. #282) Joinder in Kevin Flynn, M.D.'s response in Opposition to Plaintiff's Objections to Recommendations of the United States Magistrate Judge is GRANTED.

- The caption on all subsequent filings shall reflect the removal of Amanda E. Kao, Kevin Flynn, Leslie Pratt, Lynne West, Scott Miner, Grant Wicklund, and Kristina Richards as Defendants in this case

DATED: August 11, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge