IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00232-CMA-STV

ANTHONY WARD, pro se,

 Plaintiff,

v.

LUTHERAN MEDICAL CENTER,

 Defendant.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DENYING MOTION TO AMEND THE COMPLAINT**

  This matter is before the Court on (1) Plaintiff's Motion to Amend the Complaint (Doc. # 232); and (2) a Motion for Summary Judgment filed by Defendant SCL Health-Front Range, d/b/a/ Lutheran Medical Center (Doc. # 285). For the following reasons, the Court denies the Motion to Amend and grants the Motion for Summary Judgment.

## I. BACKGROUND

  This began as a medical malpractice case. Plaintiff claimed that the staff of Lutheran Medical Center ("Lutheran Hospital" or "Lutheran") failed to diagnose an accidental drug overdose, causing him to experience acute renal failure. (Doc. # 22). Plaintiff initially asserted numerous claims against more than a dozen defendants, but the majority of claims and defendants have been dismissed. (*See* Doc. # 286). The only

remaining cause of action is Plaintiff's claim against Lutheran for a violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd.

Plaintiff now seeks to amend his Complaint to add six new defendants, and Lutheran seeks summary judgment on the EMTALA claim.

## II.     MOTION TO AMEND COMPLAINT

Plaintiff seeks to add six additional Lutheran employees as Defendants. (Doc. # 232). Plaintiff's Motion is untimely and futile.

The deadline to amend pleadings was February 27, 2020. (Docs. ## 166, 179). Plaintiff waited until June 1, 2020 – more than three months after the deadline – to file his Motion to Amend. (Doc. # 232). Although a plaintiff may sometimes amend his complaint after the deadline, he must establish good cause for doing so. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cirt. 2014). Plaintiff has failed to establish good cause for his untimely amendment.

Although Plaintiff asserts that he was unable to name these defendants earlier because their identities were "concealed" from him, this assertion is plainly incorrect. Each of these individuals was identified in Plaintiff's medical records, which Plaintiff obtained before filing his Complaint in January 2018. In fact, Plaintiff attached the relevant records to his Complaint. (*See* Doc. # 1-3, pp. 7, 21, and 29). Further, Plaintiff has already amended his Complaint three times. (*See* Docs. ## 1, 16, 21, 22). Plaintiff offers no explanation as to why he could not have named these defendants in his prior amendments.

Moreover, even if Plaintiff's proposed amendments were timely, they would nevertheless not be permitted because amendment is futile. An amendment is futile when the amended complaint "would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F. 3d 1237, 1239-40 (10th Cir. 2001). The claims that Plaintiff seeks to add were already asserted in the prior version of his complaint; however, they were dismissed for lack of merit. (*See* Docs. # 36, 38, 286). Plaintiff offers no explanation as to why he should be allowed to reassert claims that have already been dismissed with prejudice. Therefore, Plaintiff's proposed amended complaint would be subject to dismissal, and amendment would be futile.

### III.  SUMMARY JUDGMENT

Having concluded that Plaintiff may not amend his Complaint to add additional defendants, the Court now turns to the only claim remaining in this lawsuit: Plaintiff's EMTALA claim against Lutheran Hospital.

#### A.  LEGAL STANDARD

Summary judgment is appropriate if the record shows that (1) "there is no genuine issue as to any material fact" and (2) "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing each of these elements. *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F. 3d 964, 971 (10th Cir. 2002). Once the moving party meets this burden, however, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Id.* Rule 56 mandates entry of summary judgment against a

party who fails "to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B.     ANALYSIS**

      i.     <u>Effect of Plaintiff's Failure to Respond</u>

Lutheran filed its summary judgment motion on August 3, 2020. Plaintiff's response deadline was August 24, 2020, (D.C.COLO.LCivR 7.1(d)). Plaintiff failed to respond by that date. Then, on September 21, 2020 – nearly a month after the response deadline – Plaintiff requested a forty-day extension of time to respond to Lutheran's Motion. (Doc. # 313). The Court granted Plaintiff an additional twenty-one days to respond, (Doc. # 316), but Plaintiff again failed to respond by the extended deadline. Plaintiff also failed to respond within the forty days he requested.

By failing to file a response to a summary judgment motion, a plaintiff waives the right to challenge the facts asserted in the motion. *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). Therefore, if Lutheran has met its initial burden of demonstrating (1) the absence of a genuine dispute of material fact and (2) that it is entitled to a judgment as a matter of law, the Court will grant summary judgment in Lutheran's favor. *Id.* at 1195.

      ii.     <u>Lutheran is Entitled to Summary Judgment on the Merits</u>

Plaintiff alleges that Lutheran violated EMTALA by failing to stabilize his blood pressure before discharging him. (Doc. # 22, p. 11-12). Lutheran has demonstrated that it is entitled to summary judgment on this claim.

### a. Legal Standard for EMTALA Claims

EMTALA was enacted to prevent hospitals from refusing to provide emergency care to uninsured patients. *St. Anthony Hosp. v. U.S. Dept. of Health and Human Services*, 309 F. 3d 680, 692 (10th Cir. 2002). To that end, when a person presents to an emergency room, EMTALA requires that the hospital provide "an appropriate medical screening examination . . . to determine whether or not an emergency medical condition . . . exists." 42 U.S.C. § 1395dd(a). If the patient is experiencing an "emergency medical condition,"[1] the hospital must provide "such further medical examination and such treatment as may be required to stabilize the medical condition."[2] 42 U.S.C. § 1395dd(b)(1)(A).

### b. Application

Plaintiff alleges that Lutheran negligently failed to diagnose his alleged drug overdose. (Doc. # 22, p. 11). This allegation fails as a matter of law.

"EMTALA, unlike traditional state negligence or malpractice law, does not provide a remedy for an inadequate or inaccurate diagnosis." *Phillips v. Hillcrest Medical Center*, 244 F. 3d 790, 798 (10th Cir. 2001). The purpose of the EMTALA screening requirement "is to determine whether an 'emergency medical condition exists.' Nothing more, nothing less." *Collins v. DePaul Hosp.*, 963 F. 2d 303, 307 (10th Cir. 1992).

---

[1] An "Emergency medical condition" is "a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in . . . placing the health of the individual . . . in serious jeopardy" or "serious dysfunction of any bodily organ or part." 42 U.S.C. § 1395dd(e)(1).

[2] "To stabilize" means "to provide such medical treatment of the condition as may be necessary to assure, with reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility." 42 U.S.C. § 139dd(e)(3)(A).

Generally, a hospital will be deemed to have conducted an "appropriate medical screening examination" if it adhered to its own standard screening procedures. *Repp v. Anadarko Mun. Hosp.*, 43 F. 3d 519, 522 (10th Cir. 1994) ("A court should ask only whether the hospital adhered to its own procedures, not whether the procedures were adequate if followed.").

Plaintiff has not even argued, let alone presented evidence, that the medical examination he received was inconsistent with Lutheran's standard screening procedures. Therefore, the Court has no basis to conclude that Lutheran violated EMTALA's screening requirement. Although the Court construes Plaintiff's pro-se pleadings liberally, it may not act as his advocate, and it cannot read into his Complaint a claim that Plaintiff did not make. *See, e.g. Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("the court should not assume the role of advocate" for a pro se plaintiff) *see also Nielsen v. Price*, 17 F. 3d 1276, 1277 (10th Cir. 1994) (pro se parties must follow the same rules of procedure that govern other litigants).

Furthermore, all evidence now before the Court indicates that Plaintiff's medical examination *did* comply with Lutheran's standard screening procedures. According to Lutheran's Motion – which is supported by the Plaintiff's medical records – Plaintiff received a physical evaluation, a laboratory evaluation, an EKG, and a CT scan upon his arrival at the emergency room. (Doc. # 285-1, pp. 1-8). He was also offered a urine toxicology test, but he decided to leave the hospital without providing a urine sample. (Doc. # 285-1, p. 2). According to Lutheran's expert witness, this examination was "appropriate and thorough," and it was "reasonably calculated to determine the

existence of an emergency medical condition." (Doc. # 285-1, p. 44, ¶ 7). Further, Lutheran's expert opines that this examination revealed that Plaintiff "was not suffering from an emergency medical condition at the time of his discharge" from Lutheran. (Doc. # 285-1, p. 45, ¶ 10).

Because Lutheran has presented facts to show that it satisfied EMTALA's screening requirement, the burden shifts to Plaintiff to demonstrate a genuine dispute of material fact on this point. *Sally Beauty Co., Inc.* 304 F. 3d at 971. "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Plaintiff has failed to meet his burden. Therefore, the only evidence before the Court is that Plaintiff received an "appropriate medical screening examination" as required by EMTALA. Additionally, because that screening revealed no "emergency medical condition," Lutheran satisfied its obligations under EMTALA, and it properly discharged Plaintiff.

Plaintiff argues, however, that Lutheran violated EMTALA by failing to stabilize his blood pressure before discharging him from the emergency room. (Doc. # 22, p. 11). This argument fails because Plaintiff's blood pressure did not constitute an "emergency medical condition" requiring stabilization.

EMTALA's stabilization requirement takes effect only when the patient is experiencing an "emergency medical condition." 42 U.S.C. § 1395dd(b)(1)(A). Where the patient is not experiencing such a condition, the stabilization requirement does not apply. *Id.* Lutheran's motion demonstrates (1) that Plaintiff received an appropriate medical screening; and (2) that the screening revealed no emergency medical condition. (Doc. # 285-1, pp. 45-46, ¶¶ 11-14). Plaintiff has not presented any evidence to contradict Lutheran's position. Although Plaintiff argues that his blood pressure constituted an emergency medical condition, he provides no evidence to support that argument. Lutheran, on the other hand, has provided an expert report explaining why blood pressure stabilization was not only unnecessary, but potentially dangerous. (Doc. # 285-1, p. 45-46). This evidence was sufficient to shift the burden to Plaintiff to establish a genuine dispute of material fact on this point. Plaintiff failed to do so, and Lutheran is therefore entitled to summary judgment in its favor.

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Plaintiff's Motion to Amend the Complaint (Doc. # 232) is DENIED;
- Lutheran's Motion for Summary Judgment (Doc. # 285) is GRANTED;
- The Court hereby enters summary judgment in favor of Lutheran and against Plaintiff;
- The Clerk of Court is directed to enter judgment in favor of Lutheran and against Plaintiff.

DATED:  November 19, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge